## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

CAUSE OF ACTION INSTITUTE )
1875 Eye Street, N.W., Suite 800 )
Washington, D.C. 20006, )
 )
       Plaintiff, )
 )
    v. )          Civil Action No. 18-580
 )
FEDERAL TRADE COMMISSION )
600 Pennsylvania, Avenue, N.W. )
Washington, D.C. 20580, )
 )
       Defendant. )
_____)

## COMPLAINT

1.      Plaintiff Cause of Action Institute ("CoA Institute") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking access to records, and portions thereof, improperly withheld by Defendant Federal Trade Commission ("FTC").

2.      This Complaint involves two different FOIA requests. Both requests seek records concerning *Federal Trade Commission v. Vylah Tec LLC*, No. 17-cv-228 (M.D. Fla. filed May 12, 2017), an enforcement proceeding initiated in federal court by Defendant and the State of Florida. *See generally Vylah Tec LLC*, Fed. Trade Comm'n, http://bit.ly/2FJgZjX (last visited Mar. 15, 2018). At a more general level, the requests are also designed to examine Defendant's efforts to enforce Section 5(a) of the FTC Act, which pertains to unfair or deceptive trade practices.

3.      By failing to provide a final determination on either of the foregoing requests or to produce non-exempt responsive records or portions thereof in a timely manner, Defendant FTC has unlawfully withheld agency records to which CoA Institute has a right.

## JURISDICTION AND VENUE

4.      Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

5.      Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.      Plaintiff CoA Institute is a 501(c)(3) non-profit strategic oversight group committed to ensuring that government decision-making is open, honest, and fair. In carrying out its mission, CoA Institute uses various investigative and legal tools to educate the public about the importance of government transparency and accountability. CoA Institute regularly requests access under the FOIA to the public records of federal agencies, entities, and offices, including the FTC, and disseminates its findings, analysis, and commentary to the general public. CoA Institute submitted the request at issue in the Complaint on its own behalf and in pursuit of its institutional mission.

7.      Defendant FTC is an agency within the meaning of 5 U.S.C. § 552(f)(1). The FTC has possession, custody, or control of records to which CoA Institute seeks access and that are the subject of this Complaint.

## FACTS

### A.      The January 9, 2018 FOIA Request – No. FOIA-2018-00384

8.      By letter, dated January 9, 2018, CoA Institute submitted a FOIA request to the FTC seeking access to the following records for the time period January 1, 2014 to the present:

> (1)      All records, documents, and communications (including emails, text messages, and voicemails) sent by, between, or amongst FTC attorney Robin Rock and Receiver Barry Mukamal or his attorneys or employees, including, but not limited to, Frank Kessler, Benjamin Zuckerman and Charles Lichtman.
>
> (2)      All records, documents, and communications (including emails, text messages, and voicemails) sent by, between, or amongst FTC attorney Robin Rock and Matthew Luongo or anyone acting on behalf of Matthew Luongo.

(3)     All records, documents, and communications (including emails, text messages, and voicemails) sent by, between, or amongst FTC attorney Sana Chriss and Receiver Barry Mukamal or his attorneys or employees, including, but not limited to, Frank Kessler, Benjamin Zuckerman and Charles Lichtman.

(4)     All records, documents, and communications (including emails, text messages, and voicemails) sent by, between, or amongst FTC attorney Sana Chriss and Matthew Luongo or anyone acting on behalf of Matthew Luongo.

Ex. 1 at 1–2.

9.      CoA Institute agreed to pay up to $5,000 in search fees, reproduction costs, and any other applicable costs for the January 9, 2018 FOIA request. Ex. 1 at 3.

10.     By letter, dated January 16, 2018, the FTC acknowledged that it had received CoA Institute's FOIA request and assigned the request tracking number FOIA-2018-00384. Ex. 2. The agency did not provide an estimated date of completion.

11.     On January 23, 2018, the FTC extended its response deadline under 5 U.S.C. § 552(a)(6)(B)(iii) due to "unusual circumstances." Ex. 3. Although the FTC did not specify this in its letter, such an extension is limited to ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

12.     To date, the FTC has failed to issue an interim response, final determination, or production of responsive agency records.

**B.      The January 13, 2018 FOIA Request – No. FOIA-2018-00395**

13.     By letter, dated January 13, 2018, CoA Institute submitted a second FOIA request to the FTC seeking access to the following records from the time period January 1, 2014, to the present:

(1)     All records, documents, and communications (including emails, text messages, and voicemails) sent or received by FTC attorney Robin Rock that contain ANY of the following terms or reasonable variants thereof: "Cause of Action"; "CoA"; "Cupo"; "V-Tec"; "V-Tech"; "Tech Crew Support"; "Express Tech Help"; "Vylah"; "Bolinder";

"Crawford"; "Geske"; "Vecchione"; "Luongo"; "Mukamal"; "Avanquest"; "HSN"; "Home Shopping Network"; "QVC"; "Quality Value Convenience"; "Evine"; "E-vine[.]"

(2)     All records, documents, and communications (including emails, text messages, and voicemails) sent or received by FTC attorney Sana Chriss that contain ANY of the following terms or reasonable variants thereof: "Cause of Action"; "CoA"; "Cupo"; "V-Tec"; "V-Tech"; "Tech Crew Support"; "Express Tech Help"; "Vylah"; "Bolinder"; "Crawford"; "Geske"; "Vecchione"; "Luongo"; "Mukamal"; "Avanquest"; "HSN"; "Home Shopping Network"; "QVC"; "Quality Value Convenience"; "Evine"; "E-vine[.]"

Ex. 4 at 1–2.

14.     The request also indicated that, "[f]or the search term "Cause of Action," the FTC should "limit results to uses of 'Cause of Action' that refer to our organization, not the legal term of art." *Id.* at 2.

15.     CoA Institute agreed to pay up to $2,500 in search fees, reproduction costs, and any other applicable costs for the January 13, 2018 FOIA request. *Id.* at 3.

16.     By letter, dated January 18, 2018, the FTC acknowledged that it had received CoA Institute's second FOIA request on January 16, 2018 and assigned the request tracking number FOIA-2018-00395. Ex. 5. The agency did not provide an estimated date of completion.

17.     On January 23, 2018, the FTC extended its response deadline under 5 U.S.C. § 552(a)(6)(B)(iii) due to "unusual circumstances." Ex. 6. Although the FTC did not specify this in its letter, such an extension is limited to ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

18.     To date, the FTC has failed to issue an interim response, final determination, or production of responsive agency records.

## COUNT I
### Violation of the FOIA: Failure to Comply with Statutory Requirements

19.     CoA Institute repeats all of the above paragraphs.

20.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]" 5 U.S.C. § 552(a)(3)(A).

21.     The FOIA further requires an agency to respond to a valid request within twenty (20) business days or, in "unusual circumstances," within thirty (30) business days. *Id.* § 552(a)(6)(A)–(B).

**A.     January 9, 2018 FOIA Request – No. FOIA-2018-00384**

22.     CoA Institute's January 9, 2018 FOIA request seeks access to agency records maintained by the FTC, reasonably describes the records sought, and otherwise complies with the FOIA and applicable FTC regulations.

23.     More than thirty (30) business days have passed since the FTC acknowledged receipt of the January 9, 2018 FOIA request.

24.     The FTC has failed to issue a final determination on or produce records responsive to the January 9, 2018 FOIA request within the applicable statutory time limits.

25.     The FTC has irreparably harmed CoA Institute by failing to respond in a timely manner to the January 9, 2018 FOIA request. CoA Institute will continue to be irreparable harmed by the FTC's effective withholding until the agency grants full access to the requested records.

26.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

**B.     The January 13, 2018 FOIA Request – No. FOIA-2018-00395**

27.     CoA Institute's January 13, 2018 FOIA request seeks access to agency records maintained by the FTC, reasonably describes the records sought, and otherwise complies with the FOIA and applicable FTC regulations.

28.     More than thirty (30) business days have passed since FTC acknowledged receipt of the January 13, 2018 FOIA.

29.     The FTC has failed to issue a final determination on or produce records responsive to the January 13, 2018 FOIA request within the applicable statutory time limits.

30.     The FTC has irreparably harmed CoA Institute by failing to respond in a timely manner to the January 13, 2018 FOIA request. CoA Institute will continue to be irreparable harmed by the FTC's effective withholding until the agency grants full access to the requested records.

31.     CoA Institute has fully exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

## RELIEF REQUESTED

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.      Order the FTC to process CoA Institute's January 9, 2018 and January 13, 2018 FOIA requests and to issue determinations on those requests within twenty (20) business days of the date of the Order;

b.      Order the FTC to produce all responsive records promptly upon issuing its final determinations on the January 9, 2018 and January 13, 2018 FOIA requests;

c.      Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.      Grant such other relief as the Court may deem just and proper.

//

//

Dated:  March 15, 2018                    Respectfully submitted,

                                          /s/ Eric R. Bolinder
                                          Eric R. Bolinder
                                          D.C. Bar No. 1028335
                                          Ryan P. Mulvey
                                          D.C. Bar No. 1024362

                                          CAUSE  OF ACTION  INSTITUTE
                                          1875 Eye Street, N.W., Suite 800
                                          Washington,  D.C. 20006
                                          Telephone: (202) 499-4232
                                          Facsimile: (202) 330-5842
                                          eric.bolinder@causeofaction.org
                                          ryan.mulvey@causeofaction.org

                                          *Counsel for Plaintiff CoA Institute*